■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY RAY, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered December 19, 1983, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was originally convicted on July 11, 1983 on his plea of guilty of the crime of third degree burglary. This conviction arose out of the events of the night of August 18, 1982, when defendant broke into two hotels from which he stole $212 and $266, respectively. Defendant was subsequently sentenced to a term of five years' probation. Among the conditions of his probation were that he make monthly payments of restitution for the burglaries, that he not break any local, State or Federal laws, and that he spend the weekends of the first six months of his sentence in the Otsego County Jail.

The record reveals that on September 24, 1983, after defendant had arrived at the jail for the weekend, his clothes were searched by correction officers and marihuana and a three- to four-inch pipe were found secreted in the lining of one of his shoes. To avoid being tried on a charge of promoting prison contraband, defendant ultimately pleaded guilty in Cooperstown Village Court to the crime of disorderly conduct. Thereafter, a probation revocation hearing was held, at the close of which the court revoked probation, holding that defendant had violated three conditions thereof: (1) he had failed to make the agreed-upon restitution payments; (2) he had violated the law as evidenced by his guilty plea to the disorderly conduct charge; and (3) he had been in possession of marihuana.

On this appeal, defendant contends that the finding that he violated the conditions of his probation was not supported by a preponderance of the evidence. This contention is meritless. First, it is uncontroverted that defendant did not make even one of the monthly restitution payments set forth as a condition of his probation, despite the fact that he was employed full-time following his conviction. While defendant testified that his pay was low and that his probation officer had told him that he could pay when he was able to, these circumstances are not sufficient to excuse his failure to make a single payment. This failure alone would be enough to substantiate the revocation of his probation.

Secondly, a preponderance of the evidence supported the finding that defendant had violated the law. Three correction officers testified concerning the finding of marihuana in defendant's shoe. This testimony was buttressed by defendant's own guilty plea in Village Court to the charge of disorderly conduct, arising out of this same incident. Accordingly, defendant's contention that there was insufficient evidence to substantiate the revocation of his probation is rejected.

Similarly unpersuasive is defendant's argument that his sentence of one to three years is harsh and excessive. This is the minimum sentence of imprisonment authorized by law for a conviction of third degree burglary (Penal Law, § 70.00, subds 2, 3). Further, the record reveals that defendant has a long criminal history which includes prior convictions for the crimes of petit larceny, criminal trespass and criminal possession of a weapon. Accordingly, it cannot be said that the court abused its discretion in sentencing him (see *People v Du Bray*, 76 AD2d 976, 977).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.