■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEILA R.C.S. HOWLAND, Appellant.—Levine, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered May 4, 1987, which revoked defendant's probation and imposed a sentence of imprisonment.

In 1982 defendant and her husband, Bruce Shaul, were charged by indictment with numerous counts of forgery and grand larceny. At the time of her indictment, defendant was 18 years old, a high school dropout and the mother of two children by Shaul. The charges arose from the theft of three paychecks by Shaul from his place of employment. Defendant allegedly forged the endorsements on the checks and cashed them. A few months later a second indictment was handed down charging defendant with two counts of attempted promotion of prison contraband based upon an incident in which defendant allegedly tried to deliver hack saw blades to Shaul

while he was incarcerated at Otsego County Correctional Facility.

In September 1982 defendant entered a plea of guilty to one count of forgery in the second degree in satisfaction of all charges pending against her. She was subsequently sentenced to five years' probation. Among the conditions of her probation were the requirements that she work faithfully at suitable employment and that she not receive public assistance. In addition, she was generally prohibited from consorting with disreputable persons and specifically forbidden to reside with Shaul upon his release from prison without first obtaining a court order.

During the term of her probation, defendant divorced Shaul and married Charles Howland, III, a parolee. Defendant and Howland separated at about the time Shaul was released on parole. Defendant was no longer employed on a steady basis and, in December 1986, she applied for public assistance and began receiving benefits. In January 1987 defendant obtained a divorce from Howland and the following month remarried Shaul. At the time of her remarriage, defendant was approximately seven to eight months pregnant with Shaul's child.

In February 1987 an amended declaration of delinquency was filed charging defendant with violating the conditions of her probation. At a hearing which followed, defendant admitted the essential allegations contained in the amended declaration of delinquency, that she went on public assistance and that she was residing with Shaul without a court order. In addition, defendant informed County Court that she quit her previous employment because it required her to work with her former mother-in-law. Based upon defendant's admissions, County Court revoked her probation and resentenced defendant to a definite term of six months' imprisonment. This appeal by defendant ensued.

On appeal defendant contends that the conditions of her probation restricting her right to associate with Shaul and to receive public assistance were unduly harsh. We disagree. In sentencing a defendant to probation, the court has open-ended authority under Penal Law § 65.10 (2) *(l)* to impose conditions which are "reasonably related to [defendant's] rehabilitation" *(see,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 65, at 208). Such conditions may include the requirement that the defendant not associate with a spouse or relative where it appears that the individual was a negative influence contributing to the defendant's criminal activity *(see,* Cohen and Gobert, Law of Probation and

Parole §§ 6.16-6.17, at 254-256). In the instant case, the original presentence report notes that defendant's association with Shaul marked the onset of her involvement in criminal activity. In addition, defendant's attempt to smuggle contraband into the jail provides further evidence of Shaul's powerful influence over her. Thus, in our view, the condition imposed by County Court prohibiting defendant from associating with Shaul without a court order was reasonably related to her rehabilitation.

We are also unpersuaded that the conditions requiring defendant to maintain steady employment and not to go on public assistance were harsh and unreasonable (see, Cohen and Gobert, Law of Probation and Parole § 6.27, at 269-271). County Court could properly find that defendant was not justified in quitting her last job simply because it required her to work with her former mother-in-law. Furthermore, it is undisputed that after leaving that job, defendant remained unemployed and subsequently began receiving public assistance, thus violating a further condition of her probation.

Finally, we reject defendant's contention that the six-month term of imprisonment imposed upon resentencing was harsh and excessive.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.