■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL DeLUNA, Appellant. [597 NYS2d 691] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered April 16, 1991, convicting defendant, after pleas of guilty, of four counts of robbery in the first degree, and sentencing him to concurrent prison terms of 10 to 20 years, unanimously affirmed.

In 1988 the defendant robbed six persons at gunpoint; two of the female victims were sexually assaulted. Defendant was pursued by the police after robbing his last victim and he opened fire on the police twice before being apprehended. He was indicted under four separate indictments with multiple counts in each indictment, including attempted murder in the first degree. At the plea proceeding the defendant was allowed to plead guilty to four counts of robbery. As part of the plea negotiation he also waived his right to appeal the conviction. On appeal the defendant claims that the waiver of the right to appeal his conviction was imposed *pro forma.*

The record does not support this claim. The court distinctly informed the defendant that, as part of the negotiated plea, it was a condition of the District Attorney that the defendant waive his right to appeal the sentence. The defendant was given time to discuss this condition with his lawyer and he said he understood the waiver. A defendant may waive his right to appeal as part of the negotiated plea bargain as long as the waiver is knowing and voluntary *(People v Seaberg,* 74 NY2d 1; *People v Callahan,* 80 NY2d 273). Were we to reach the merits, we would find no abuse of discretion in sentencing. Concur—Carro, J. P., Milonas, Ellerin and Kassal, JJ.