[681 NYS2d 114]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JONATHAN R. MYATT, Appellant.

Third Department, November 12, 1998

APPEARANCES OF COUNSEL

*Carol M. Dillon,* Amsterdam, for appellant.

*Andrew G. Schrader, District Attorney* of Franklin County, Malone, for respondent.

**OPINION OF THE COURT**

CARDONA, P. J.

On September 20, 1996, defendant waived indictment and was arraigned upon a superior court information charging the crime of sexual abuse in the first degree based upon allegations that he subjected a seven-year-old girl to sexual contact. Immediately thereafter, defendant entered a guilty plea to the reduced charge of attempted sexual abuse in the first degree. The plea bargain required defendant to waive his right to appeal his conviction but preserved his right to appeal the sentence. Defendant further agreed not to reside in the same neighborhood as the victim and to consent to an order of protection in favor of the victim and her family. The District Attorney agreed to recommend a term of incarceration in jail, five years' probation and to take no position on youthful offender status. At sentencing, noting that this was not the first occasion of sexual contact between defendant and the victim, County Court refused to grant defendant youthful offender status. The court sentenced defendant to a six-month jail term and five years' probation. The probation conditions imposed included a provision directing defendant not to reside or visit anyone within a 10-mile radius of the victim's residence.

Thereafter, defendant moved pursuant to CPL 440.20 to vacate the sentence contending that the 10-mile condition was unauthorized. Alternatively, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 on the ground that it was obtained in violation of his constitutional right to the effective assistance of counsel. County Court denied the motion. Defendant appeals from the judgment of conviction and the denial of his CPL article 440 motion.

■ Turning to the appeal from the judgment of conviction, we note that our review of the transcript of the plea allocution shows that County Court thoroughly explained the ramifications of pleading guilty to defendant and that he fully understood them (*see, People v Galarza,* 237 AD2d 817, 818, *lv denied* 90 NY2d 905). Furthermore, County Court informed defendant that a waiver of the right to appeal was required by the plea agreement, gave defendant time to discuss the waiver

with his attorney and elicited defendant's acknowledgment on the record that he understood the waiver (*see, People v De-Luna*, 193 AD2d 466, *lv denied* 81 NY2d 1072). Thus, we find that defendant's waiver of his right to appeal as a condition of the negotiated plea was knowing, intelligent and voluntary (*see, People v Allen*, 82 NY2d 761; *People v Callahan*, 80 NY2d 273; *People v Seaberg*, 74 NY2d 1).

■ Next, we turn to defendant's argument that he was deprived of his right to effective assistance of counsel. Contrary to defendant's claim, his counsel at trial did argue in favor of youthful offender status and against the 10-mile condition in the probation recommendation. Significantly, defendant was permitted to plead guilty to a reduced charge and received a split sentence, thereby avoiding the possibility of a lengthy prison sentence. Viewing the law, the evidence and the circumstances of this case in their totality at the time of the representation, we find that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137) and, accordingly, reject this contention.

■ Defendant also challenges the 10-mile condition contending that it is not authorized under Penal Law § 65.10 and is prohibited by case law (*see, People v McNair*, 87 NY2d 772; *People v Letterlough*, 86 NY2d 259) because the condition is not "fundamentally rehabilitative". We reject both contentions. As noted by County Court, the Legislature amended Penal Law § 65.10, effective September 18, 1996 (L 1996, ch 653, § 1), by adding a new subdivision which "effectively overrules the *McNair* Court's conclusion that a condition of probation must have a 'fundamentally rehabilitative purpose' " (Exec Dept Mem, 1996 McKinney's Session Laws of NY, at 1923) and gave Judges greater flexibility to impose conditions for public safety purposes. That subdivision, entitled "Other conditions", provides as follows: "When imposing a sentence of probation the court may, in addition to any conditions imposed pursuant to subdivisions two, three and four of this section, require that the defendant comply with any other reasonable condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (Penal Law § 65.10 [5]).

Defendant argues that the condition is unreasonable, harsh or excessive because it prevents a minor from living with his parents. We disagree. A review of the plea minutes shows that defendant's parents and the victim's family reside within one

tenth of a mile of each other and that there is only one residence separating their homes. Additionally, County Court had before it information that defendant subjected the victim to sexual contact on a prior occasion and may have had a visual encounter with her subsequent to the plea which apparently caused further alarm. Furthermore, at sentencing it was apparent that defendant lacked insight into the causes of his behavior and exhibited little remorse for the trauma suffered by the victim and her family.

Therefore, County Court had legitimate concerns for the safety of the victim. Under all the attendant circumstances, we cannot say that County Court erred by creating a safety zone around her in order to assure that defendant did not have access to this young child. The probation condition further represented a viable alternative to extended incarceration for him. We further note that the 10-mile condition was "reasonably necessary to insure that [defendant] will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10 [1]; see, People v McAllister, 150 AD2d 913, 914). It is significant that defendant may, if warranted, apply to County Court to eliminate the 10-mile condition prior to the expiration or termination of his five-year probationary period (see, CPL 410.20 [1]). Accordingly, we do not find the sentence unduly harsh or severe nor the circumstances so extraordinary as to require us to exercise our plenary review power to modify it in the interest of justice (see, CPL 470.15 [6] [b]; People v Delgado, 80 NY2d 780, 783; People v Hearn, 248 AD2d 889, 890).

Finally, in light of the serious nature of defendant's crime, the disturbing pattern of behavior exhibited, defendant's seeming lack of empathy for the victim, his poor history of engagement during mental health counseling sessions and the recommendation in the presentence report (see, People v Cruickshank, 105 AD2d 325, 334, affd sub nom. People v Dawn Maria C., 67 NY2d 625), we cannot say that County Court erred in perceiving defendant as a sufficient risk to the community to require his registration pursuant to the Sex Offender Registration Act (see, Correction Law art 6-C). Therefore, we find no abuse of County Court's discretion in denying defendant's application to be adjudicated a youthful offender.

Peters, Spain, Carpinello and Graffeo, JJ., concur.

Ordered that the judgment and order are affirmed.