■ The People of the State of New York, Respondent, v Terry J. Murray, Appellant. [784 NYS2d 674]—

Peters, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered November 14, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to two counts of attempted criminal sale of a controlled substance in the third degree and was sentenced to 180 days in jail and five years' probation. Two conditions of his probation were that he remain within the jurisdiction of County Court unless granted permission to leave by the court or his probation officer and that he immediately notify his probation officer if he had contact with, was questioned by or was arrested by any law enforcement agency. While on probation, defendant was a passenger in a car which was stopped in Quebec, Canada by the Akwesasne Mohawk Police. A baggie of marihuana was found which the driver admitted to possessing; defendant was released. He was thereafter charged with violating the aforementioned conditions of his probation, as well as a third condition which required him to abstain from using controlled substances. Following a hearing, County Court found him guilty of violating the first two conditions, but not the third, revoked his probation and sentenced him to concurrent prison terms of 2 to 6 years. He now appeals.

Initially, we find no merit to defendant's claim that the probation conditions which he was found guilty of violating were illegal or unconstitutional. Penal Law § 65.10 (3) (b) specifically authorizes a court to require that a defendant remain within the court's jurisdiction as a condition of probation. Penal Law § 65.10 (5) further provides that a court may require that a defendant comply with "any other reasonable condition as the court shall determine to be necessary or appropriate." The requirement that defendant notify his probation officer of any contact with law enforcement officials was reasonable and did not in any way infringe upon defendant's privilege against self-incrimination (*see People v Howland*, 145 AD2d 866, 867 [1988]; *compare Tremper v Ulster County Dept. of Probation*, 160 F Supp 2d 352, 357 [2001]).

Moreover, the evidence presented at the hearing, particularly the testimony of the Canadian police sergeant who stopped the vehicle after it had crossed the Canadian border, as well as the testimony of defendant's probation officer, established defendant's violation of the two conditions of his probation by a preponderance of the evidence (*see* CPL 410.70 [3]; *People v Compagni*, 241 AD2d 573, 573 [1997]). Thus, "the decision to revoke his probation will not be disturbed, there being no 'clear abuse of discretion' " (*People v Barber*, 280 AD2d 691, 694 [2001], *lv denied* 96 NY2d 825 [2001], quoting *People v Forman*, 105 AD2d 984, 985 [1984]). Furthermore, given defendant's significant criminal history, we find the imposition of concurrent 2 to 6-year prison terms neither harsh nor excessive or an abuse of discretion (*see People v Compagni, supra* at 573-574; *People v Ray*, 105 AD2d 988, 989 [1984]).

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.