■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD E. PAGE, JR., Appellant. [698 NYS2d 774] —Mugglin, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 22, 1999, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

Acting in response to a report received from a resident of the neighborhood, the police discovered defendant unconscious behind the wheel of his automobile. Although the engine was running at a steady, high rate of speed, the car remained in its position at the curb of Olive Street in the Village of Johnson City, Broome County. The local resident who reported her observations to the police indicated that she first heard the engine at about 4:00 A.M., but did not make the call to the police until approximately an hour later when she noticed defendant slumped over the steering wheel, the engine still running. The police arrived shortly thereafter and found defendant slumped over the wheel with his foot on the gas pedal and

vomit dripping from his mouth. After awakening defendant, and having him perform field sobriety tests, which he failed, defendant was arrested. He was subsequently tried and convicted, *inter alia*, of driving while intoxicated.

On this appeal, defendant raises only one issue with respect to the conviction, namely, that the evidence before the jury was insufficient as a matter of law to establish operation of the vehicle by defendant.

The standard of review where the issue is the legal sufficiency of the evidence was enunciated in *People v Bleakley* (69 NY2d 490, 495) by Judge Bellacosa as follows: "For a court to conclude * * * that a jury verdict is supported by sufficient evidence, the court must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial (*Cohen v Hallmark Cards*, 45 NY2d 493, 499) and as a matter of law satisfy the proof and burden requirements for every element of the crime charged. If than is satisfied, then the verdict will be upheld by the intermediate appellate court on that review basis." The term "operate" as used in Vehicle and Traffic Law § 1192 is broader that the term "drive" (*see, Matter of Prudhomme v Hultz*, 27 AD2d 234, 236). The term "operate" extends to include situations where a person begins to use "the mechanism of the automobile for the purpose of putting the automobile in motion even though he does not move it" (*People v Marriott*, 37 AD2d 868).

In this case, the record reflects that defendant's friend parked the vehicle on Olive Street at approximately 11:00 P.M. and gave the keys to defendant. At that point, the engine was not running. The evidence, if credited by the jury, established that defendant was drinking in a neighborhood bar which closed at 1:00 A.M. Moreover, the evidence also establishes that defendant had vomited, urinated and defecated while in his automobile. The fact that defendant was found early the next morning behind the steering wheel with the engine running, coupled with his statement to the police that he had intended to go home (approximately five blocks distant), is sufficient to allow the jury to draw the fair inference that he started the engine intending to move the vehicle and this constituted operation within the rule of these cases and the intention of the statute. Consequently, there is a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and the verdict is affirmed.

Insofar as sentencing is concerned, defendant argues that County Court was without authority to impose, as a condition of probation, that defendant stay away from his former wife, except as authorized by Family Court when visiting their child. Defendant argues that since there is no proof in the record that in any way involved defendant's ex-wife and since there is no nexus between the nature of the offense and the condition of probation, the imposition of that condition is improper.

Effective September 18, 1996, a new subdivision was added to Penal Law § 65.10. It is entitled "Other Conditions" and provides: "When imposing a sentence of probation the court may, in addition to any conditions imposed pursuant to subdivisions two, three, and four of this section, require that the defendant comply with any other reasonable condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (Penal Law § 65.10 [5]).

The sentencing minutes reflect that County Court was aware that Family Court had previously entered a protective order in favor of defendant's ex-wife and that County Court was concerned that his relationship with his ex-wife added stress to his life. County Court was further aware of prior alcohol-related convictions and arrests.

Further, Penal Law § 65.10 grants courts the authority to place such conditions in a sentence of probation as the court "in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10 [1]; *see, e.g., People v Griffith*, 239 AD2d 705). This condition of probation is designed for that purpose and is a permissible exercise of discretion by the sentencing court. The circumstances are not so extraordinary as to require us to exercise our plenary review power to modify the sentence in the interest of justice (*see, People v Myatt*, 248 AD2d 68).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.