■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBRA J. SWENSON, Appellant. [785 NYS2d 175]—

Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered July 14, 2003, convicting defendant upon her plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant pleaded guilty to the crime of attempted promoting prison contraband in the first degree after she attempted to smuggle heroin to a prison inmate during a visit at a correctional facility. Defendant was sentenced to 180 days in jail and five years' probation. We are unpersuaded by defendant's contention on appeal that the condition of probation precluding any contact with the inmate to whom she tried to smuggle the drugs violates her constitutional right of freedom of association. A court has broad discretionary powers to set the conditions of probation which it "deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so" (Penal Law § 65.10 [1]) and which are "necessary or appropriate to ameliorate the conduct which gave rise to the offense" (Penal Law § 65.10 [5]). Defendant's relationship with the inmate in question marked the onset of her criminal activity and the record establishes that defendant planned to continue the relationship despite the inmate's manipulation and negative influence. Under these circumstances, it is our view that the no-contact condition of defendant's probation was reasonably related to her rehabilitation (*see People v Page,* 266 AD2d 733, 735 [1999]; *People v Griffith,* 239 AD2d 705 [1997]; *People v Howland,* 145 AD2d 866 [1988]).

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.