OPINION OF THE COURT
Memorandum.
Appeal held in abeyance and matter remitted to the City Court of Poughkeepsie, Dutchess County, to hear and report on the issue of whether provisions 11 and 13 of the sex offender conditions of probation should be modified, and to report its findings to this court with all convenient speed.
Defendant pleaded guilty to two counts of endangering the welfare of a child (Penal Law § 260.10 [1]) and to two counts of public lewdness (Penal Law § 245.00). He was subsequently sentenced to two concurrent three-year terms of supervised probation. In addition to imposing the standard conditions of probation, the sentencing court imposed additional conditions of probation pertaining to sex offenders which included, inter alia, provisions that defendant shall not reside in the same residence where persons under 18 years of age reside without the approval of the Probation Department (provision 11), and that defendant shall not be alone with any child under 18 years of age unless an adult is present who is aware of defendant’s history of sexually offending behavior and has been approved as a chaperone by the Probation Department (provision 13).
On this appeal, defendant contends that the sentencing court did not fulfill its promise to place him on interim probation supervision and that the court further erred in imposing the standard sex offender conditions of probation without taking into account his obligation to “[s]upport his dependents and meet other family responsibilities” (Penal Law § 65.10 [2] [f]). Since, at the time of sentence, defendant was living with his wife and 10-month-old daughter, he contended that the effect of imposing provisions 11 and 13 of the sex offender conditions of probation was to prevent him from residing with or seeing his daughter.
Contrary to defendant’s first contention, we note that when the pleas were taken, the court did not promise to place defen *49 dant on interim probation supervision on the sentencing date, but merely promised that it would consider such a disposition. At the time that the indicated probationary sentences were imposed, however, defendant did not object, seek to withdraw his pleas or move for any other relief. Accordingly, there is no basis for this court to modify the sentences imposed on the ground that the sentencing court did not fulfill its promise.
With respect to defendant’s application for a modification of provisions 11 and 13 of the sex offender conditions of probation, we note initially that it has been held proper to impose “sex offender” conditions in cases which do not technically qualify as “sex offender” cases, such as those involving endangering the welfare of a child (see People v LaCoude, 193 Misc 2d 578 [App Term, 9th & 10th Jud Dists 2002]), so long as the conditions imposed are “reasonably related to [the defendant’s] rehabilitation” (Penal Law § 65.10 [2] [l]), are “reasonably necessary to insure that the defendant will lead a law-abiding life” (Penal Law § 65.10 [1]), and are “necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant” (Penal Law § 65.10 [5]). To the extent that defendant seeks to modify the aforementioned conditions of probation, based upon his contention that the effect of the imposition of said conditions is to prevent him from “[s]up-port[ing] his dependents and meet[ing] other family responsibilities” (Penal Law § 65.10 [2] [f|), we would ordinarily direct defendant to make his request for modification of the conditions of probation to the sentencing court, pursuant to CPL 410.20 (1) (see e.g. People v LaCoude, 193 Misc 2d 578 [2002], supra; People v Payne, 2002 NY Slip Op 40438[U] [App Term, 9th & 10th Jud Dists 2002]). However, since probation supervision has been transferred to Duchess County, and the sentencing court no longer has jurisdiction of this matter, we believe it proper to remit the matter to the City Court of Poughkeepsie, Dutchess County, which is the court served by the Dutchess County Department of Probation (see CPL 410.80), to determine whether the aforementioned conditions of probation are appropriate under the circumstances presented and, in the interim, to hold the appeal in abeyance (see generally People v Gould, 242 AD2d 583 [1997]).
McCabe, EJ., and Angiolillo, J., concur; Covello, J., taking no part.