■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE J. BROWN, Appellant. [879 NYS2d 627]—

Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered February 26, 2008, upon a verdict convicting defendant of the crimes of endangering the welfare of a child and unlawfully dealing with a child in the first degree.

After his conviction of endangering the welfare of a child and unlawfully dealing with a child in the first degree, defendant was sentenced to two terms of three years of probation to be served concurrently. As part of his probation, defendant was

required to, among other things, refrain from contact with children under the age of 18 and refrain from frequenting places where children are likely to congregate without permission from the court or his probation officer. He was also required to successfully complete any form of counseling or treatment, including sex offender treatment, directed by the court or his probation officer. Defendant now appeals, contending that County Court improperly imposed these conditions of probation.

We affirm. Conditions of probation are appropriate when the court determines that they are "reasonably necessary" to ensure that the defendant will lead a law-abiding life or to assist him or her in doing so, or are "reasonably related" to his or her rehabilitation (Penal Law § 65.10 [1], [2] [*l*]; *see People v Page*, 266 AD2d 733, 735 [1999]; *People v Griffith*, 239 AD2d 705, 706-707 [1997]; *see also People v Rocco*, 309 AD2d 882, 882-883 [2003], *lv denied* 1 NY3d 601 [2004]). In addition, the court may impose any other condition that it "shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (Penal Law § 65.10 [5]; *see People v Myatt*, 248 AD2d 68, 71 [1998]; *see also People v Whindleton*, 54 AD3d 422, 423 [2008]). Here, the first two conditions enumerated above clearly relate to both charges of which defendant was convicted, whether or not they involved sexual activity. Moreover, the indictment for the count of endangering the welfare of a child of which defendant was convicted accused him of "engaging said child in sexual intercourse *and* by providing said child with an alcoholic beverage" (emphasis added). Inasmuch as that charge involved defendant engaging in sexual activity with the victim, we cannot say that County Court erred in imposing as a condition of defendant's probation that he complete sex offender treatment if directed by the court or his probation officer (*see People v Myatt*, 248 AD2d at 72).*

Cardona, P.J., Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.

---

* The fact that defendant was acquitted of the more serious charges of rape in the first degree and sexual abuse in the first degree was of no moment, inasmuch as his conviction for those charges necessitated a jury finding that the victim was "incapable of consent by reason of being physically helpless" (Penal Law § 130.35 [2]; § 130.65 [2]).