Rose, J.E
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J), rendered June 15, 2012, which revoked defendant’s probation and imposed a sentence of incarceration.
In 2009, defendant pleaded guilty to driving while intoxicated and was sentenced to five years of probation. In 2012, he admitted to violating certain conditions of his probation, including the condition prohibiting him from owning or operating any motor vehicles, with the understanding that County Court would sentence him to 90 days in jail and reinstate his probation with additional conditions being imposed. County Court thereafter sentenced defendant pursuant to the agreement and imposed additional conditions, including that defendant dispose of the three motor vehicles he owned in violation of his probation. Defendant appeals.
*1121 Defendant’s sole contention on appeal is that County Court abused its discretion in imposing the condition requiring him to dispose of his motor vehicles. We disagree. “Conditions of probation are appropriate when the court determines that they are reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him or her in doing so, or are reasonably related to his or her rehabilitation” (People v Brown, 62 AD3d 1209, 1210 [2009] [internal quotation marks and citations omitted]; see Penal Law § 65.10 [1], [2]; People v Hannah, 65 AD3d 1378, 1379 [2009], lv denied 13 NY3d 907 [2009]; People v Swenson, 12 AD3d 948, 948 [2004]). Further, a condition may be imposed if the court determines that it is “necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant” (Penal Law § 65.10 [5]; see People v Brown, 62 AD3d at 1210). Here, defendant admitted to owning and operating motor vehicles without a driver’s license while on probation, despite conditions prohibiting him from such activity. In our view, the additional condition imposed requiring defendant to dispose of his currently-owned motor vehicles is tailored to his offense and is reasonably related to his rehabilitation and necessary to ameliorate the conduct leading to defendant’s conviction (see People v Hale, 93 NY2d 454, 462 [1999]; People v Franco, 69 AD3d 981, 983 [2010]). Accordingly, we conclude that County Court did not abuse its discretion in imposing the condition.
Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.