[994 NYS2d 275]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v BRYAN M. SMITH, Defendant.

Justice Court of the Town of Kinderhook, Columbia County, August 29, 2014

## APPEARANCES OF COUNSEL

*Michael C. Howard*, Hudson, for defendant.

*Paul Czajka, District Attorney*, Hudson (*David Costanzo* of counsel), for plaintiff.

## OPINION OF THE COURT

DAVID A. DELLEHUNT, J.

The defendant, Bryan M. Smith, was charged with per se driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2), and common-law driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). Defendant moves by letter motion for the court to approve the proposed plea agreement between the defendant and the Columbia County District Attorney's Office allowing the defendant to plea to disorderly conduct in violation of Penal Law § 240.20. The People orally join in defendant's motion, initially having requested an opportunity to submit papers in response to the motion, but subsequently withdrawing said request.

Vehicle and Traffic Law § 1192 (10) sets forth plea bargain limitations for a violation of Vehicle and Traffic Law § 1192 (2) or (3) as follows:

> "In any case wherein the charge laid before the court alleges a violation of subdivision two, three, four or four-a of this section, any plea of guilty thereafter entered in satisfaction of such charge must include at least a plea of guilty to the violation of the provisions of one of the subdivisions of this section, other than subdivision five or six, and no other disposition by plea of guilty to any other charge in satisfaction of such charge shall be authorized; provided, however, if the district attorney, upon reviewing the available evidence, determines that the charge of a violation of this section is not warranted, such district attorney may consent, and the court may allow a disposition by plea of guilty to

another charge in satisfaction of such charge; provided, however, in all such cases, the court shall set forth upon the record the basis for such disposition." (Vehicle and Traffic Law § 1192 [10] [a] [i].)

Assistant District Attorney Robert Gibson reviewed the available evidence and offered to reduce the outstanding DWI charges to disorderly conduct on the grounds that there were issues pertaining to probable cause. In addition, defendant's counsel argues that the People will have difficulty proving operation. Defendant brought the instant motion, joined in by the Assistant District Attorney, for the court to approve said proposed disposition.

By way of background, defendant was charged with DWI on January 18, 2014. The People state that on that date the New York State Police set up a DWI sobriety checkpoint on Route 9 in the Town of Kinderhook. Defendant was apparently observed attempting to avoid the checkpoint and was, thereafter, found sitting in a vehicle on Rapp Road in the Town of Kinderhook. Defendant was allegedly driving a 2006 grey Volvo bearing New York State registration number DLE7494. The DWI bill of particulars and supporting deposition lists the reasons for the stop to be "civilian complaint" and "roadblock" and indicates that vehicle operation was shown by "complainant's observations," "civilian witness(es) identification," "admissions," and the fact that the defendant was observed "at the wheel" and "near the vehicle." According to the DWI bill of particulars and supporting deposition the defendant exhibited glassy eyes, impaired speech, impaired motor coordination, and the odor of alcoholic beverages. Defendant allegedly failed three field sobriety tests, to wit: the horizontal gaze nystagmus, the walk and turn and the one leg stand, and the certified breath alcohol analysis record reveals that defendant allegedly had a blood alcohol level of .10%. Defendant also allegedly made certain admissions at the scene, including that he had consumed a "couple" of beers at the Albany Pub, that he operated the vehicle, and that he was driving from the Albany Pub to 53 Arthur Avenue, Hudson, New York.

Defendant denies that he made the aforesaid statements or that he operated the vehicle. Defense counsel points out that there was a second occupant of the vehicle and suggests that "operation could be attributable to the other individual." In effect, the defendant is arguing that the court should allow the defendant to plea outside the Vehicle and Traffic Law § 1192

statute in order to avoid the potential ramifications of having an alcohol-related offense because the People cannot establish probable cause that defendant operated the motor vehicle within the meaning of Vehicle and Traffic Law § 1192. The term "operate" as used in the statute extends to situations where the motorist begins to use the mechanism of the automobile for the purpose of putting it in motion even though he or she does not move it. (*People v Page*, 266 AD2d 733 [3d Dept 1999].) Thus, a person operates a motor vehicle when he or she intentionally does any act which alone, or in sequence, will set in motion the motive power of the vehicle. (*See People v Prescott*, 95 NY2d 655, 662 [2001]; *People v Beyer*, 21 AD3d 592 [3d Dept 2005].) Operation and intoxication must be simultaneous or there is no offense. (*See People v Strauss*, 260 App Div 880 [2d Dept 1940].)

The question of whether the defendant operated the vehicle cannot be decided simply based upon the contradictory allegations made by the defendant and his counsel, or the conjecture that someone else may have operated the vehicle. The court finds that the People will have the burden at trial of proving beyond a reasonable doubt that the defendant drove, or had the intent to drive, the vehicle while he was in an intoxicated condition. Notwithstanding the aforesaid, however, in order to have probable cause for a driving while intoxicated arrest the arresting trooper need only demonstrate that he had reasonable grounds to believe the defendant had been driving a motor vehicle in violation of Vehicle and Traffic Law § 1192. (*See People v Kowalski*, 291 AD2d 669 [3d Dept 2002].) In order to be "intoxicated," a defendant must be shown to have consumed alcohol to the point that he or she is "incapable of employing the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver." (*People v Hagmann*, 175 AD2d 502, 504 [3d Dept 1991]; *People v Ardila*, 85 NY2d 846 [1995].) Based upon the accusatory instruments, the DWI bill of particulars and supporting deposition, and the breath alcohol analysis record, it appears that the arresting New York State trooper had reasonable grounds to believe that the defendant had consumed alcohol to the point that he was incapable of operating a motor vehicle, that the defendant drove his vehicle to Rapp Road in order to avoid a field sobriety checkpoint and that the defendant intended to drive his motor vehicle home at the time of his arrest. (*See People v Page.*) The issue of the credibility of the witnesses is one for the trier of fact. Accordingly, defendant's motion to have the court

authorize a plea outside the Vehicle and Traffic Law § 1192 statute is hereby denied. The matter is hereby rescheduled to September 16, 2014 for further proceedings in accordance with this decision.

Defendant is entitled to be present at every stage of the proceedings. All motions not granted herein are hereby denied.