The People of the State of New York, Respondent,
against
Dwight W. Lawson, Appellant.




Suffolk County Legal Aid Society (Edward E. Smith, Esq.), for appellant.
Suffolk County District Attorney (Michael J. Brennan, Esq.), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (William G. Ford, J.), rendered August 4, 2014. The judgment convicted defendant, after a nonjury trial, of endangering the welfare of a child.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with sexual abuse in the second degree (Penal Law § 130.60 [2]) and, in a separate information, with endangering the welfare of a child (Penal Law § 260.10 [1]). At a nonjury trial, the female victim testified, among other things, that she had been 11 years old at the time of the incident. While she was sleeping at her aunt's home, she was awakened by defendant, who was in the same bed with her and was placing his penis between her legs. Defendant then lifted her pajama shirt above her chest and attempted to kiss her breasts. Following the trial, the District Court found defendant not guilty of sexual abuse in the second degree and guilty of endangering the welfare of a child. The court imposed a three-year sentence of probation with sex offender conditions.
Viewing the evidence in the light most favorable to the prosecution(see People v Contes, 60 NY2d 620 [1983]), we find, contrary to defendant's contentions, that the testimony of the [*2]complaining witness was legally sufficient to establish, beyond a reasonable doubt, defendant's guilt of endangering the welfare of a child. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). The testimony of the victim established, at the very least, that defendant had lifted her pajama shirt and that he had tried to kiss her breasts while they were in the same bed together. Upon a review of the record, we find no basis to disturb the District Court's credibility determinations and, as a result, we are satisfied that the verdict of guilt of endangering the welfare of a child was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Edo, 132 AD3d 1011 [2015]; People v Braithwaite, 126 AD3d 993 [2015]).
Defendant further contends that the verdicts are repugnant. Although the charges of sexual abuse in the second degree and endangering the welfare of a child stemmed from the same incident, defendant's acquittal of the charge of sexual abuse in the second degree and his conviction of the charge of endangering the welfare of a child did not constitute repugnant verdicts (see People v Vitta, 220 AD2d 468 [1995]; People v Martinez, 201 AD2d 671 [1994]). The two offenses share no common elements, and, thus, defendant could readily be found guilty of one and not the other.
Although defendant was convicted of endangering the welfare of a child (Penal Law § 260.10 [1]), which is not a sex offense, it has been held proper to impose "sex offender" conditions in cases which do not technically qualify as "sex offender" cases, such as those involving endangering the welfare of a child (see People v Velardi, 10 Misc 3d 47, 48 [App Term, 2d Dept, 9th & 10th Jud Dists [2005]; People v LaCoude, 193 Misc 2d 578 [App Term, 9th & 10th Jud Dists 2002]), "so long as the conditions imposed are reasonably related to [the defendant's] rehabilitation (Penal Law § 65.10 [2] [l]), are reasonably necessary to insure that the defendant will lead a law-abiding life (Penal Law § 65.10 [1]), and are necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant (Penal Law § 65.10 [5])" (Velardi, 10 Misc 3d at 49[internal quotation marks omitted]).
In the instant case, the inappropriate sexual nature of defendant's lifting the victim's shirt and attempting to kiss her breasts, combined with the findings of the Presentence Investigation (PSI) report, support the court's imposition of sex-offender restrictions as being reasonably related to assisting defendant in leading a law-abiding life (see People v Wahl, 302 AD2d 976, 976 [2003]; People v Bania, 9 Misc 3d 135[A], 2005 NY Slip Op 51682[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). We note that the District Court did not adopt all of the sex offender conditions, as it struck the one condition relating to his residence upon learning that defendant had joint custody of his minor son. Upon the record presented, we find no extraordinary circumstances warranting a modification of the terms of defendant's probation (see People v Barnes, 32 Misc 3d 134[A], 2011 NY Slip Op 51454[U] [App Term, 2d Dept, 9th & [*3]10th Jud Dists 2011]).
Finally, defendant contends that the sentence should be modified in the interest of justice because he had no criminal record and is a devoted father. However, we decline to disturb the sentence, given his conduct toward this 11-year-old victim and his failure to take responsibility for his actions, as noted in the PSI report.
Accordingly, the judgment of conviction is affirmed.
Marano, P.J., and Iannacci, J., concur.
Garguilo, J., taking no part.
Decision Date: May 23, 2017