People v Romanelli (2020 NY Slip Op 06414)





People v Romanelli


2020 NY Slip Op 06414


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

110784

[*1]The People of the State of New York, Respondent,
v
Matthew J. Romanelli, Appellant.

Calendar Date: October 22, 2020

Before: Garry, P.J., Clark, Devine, Aarons and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered November 8, 2018, convicting defendant upon his plea of guilty of the crime of endangering the welfare of a child.
Defendant was indicted and charged with one count of rape in the third degree and two counts of endangering the welfare of a child. The charges stemmed from allegations that defendant had engaged in a sexual relationship with a child less than 17 years old and had provided alcohol to a minor. In full satisfaction of that indictment, defendant pleaded guilty to one count of endangering the welfare of a child (providing alcohol to a minor) with the understanding that he would be sentenced to three years of probation. The plea agreement also required defendant to waive his right to appeal. In conjunction with the plea, County Court also dismissed an additional sex-related charge that had been lodged against defendant.
When the parties appeared for sentencing, defendant objected to certain of the terms and conditions governing his probation — namely, those conditions applicable to convicted sex offenders (see Penal Law § 65.10 [4-a]). As he had not been convicted of a sex offense, defendant argued, his access to the Internet and social networking sites, among other things, should not be so constrained. County Court left the contested provisions in place, concluding that such conditions were warranted "[g]iven the totality of the circumstances." Defendant appeals, contending that the imposition of such terms and conditions rendered his sentence illegal.
As the People acknowledge, "even a valid waiver of the right to appeal will not bar a challenge to an illegal sentence," and such challenge "encompasses a defendant's claims that a probation condition is unlawful because it is not reasonably related to rehabilitation or is outside the authority of the court to impose" (People v Fishel, 128 AD3d 15, 17-18 [2015]; accord People v King, 151 AD3d 1651, 1652 [2017], lv denied 30 NY3d 951 [2017]). To the extent required, defendant preserved this issue for our review by objecting to the imposition of the challenged terms and conditions at sentencing (compare People v Williams, 300 AD2d 825, 827 [2002]).
Pursuant to Penal Law § 65.10 (1), "[t]he conditions of probation . . . shall be such as the [sentencing] court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so" (see People v Donaldson, 110 AD3d 1120, 1121 [2013]). The sentencing court is afforded considerable latitude in this regard and may require a probationer to satisfy — in addition to the terms and conditions enumerated in the statute — "any other conditions reasonably related to his [or her] rehabilitation" (Penal Law § 65.10 [2] [l]; see People v Hale, 93 NY2d 454, 461 [1999]). To that end, Penal Law § 65.10 (5) expressly provides that, "[w]hen imposing a sentence of probation the court may, in addition to any conditions imposed pursuant to subdivisions two, three and four of this section, require that the defendant comply with any other reasonable condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (see People v Donaldson, 110 AD3d at 1121).
In addition to the general conditions to which all probationers are subject (see Penal Law § 65.10 [2], [3]), the statute imposes certain mandatory conditions for convicted sex offenders, including limiting a defendant's access to the Internet and social networking sites, precluding a defendant from frequenting locations where children are likely to congregate and requiring a defendant to undergo a sex offender evaluation and to comply with any treatment recommendations (see Penal Law § 65.10 [4-a]). According to defendant, given that he was not in fact convicted of a sex crime, County Court abused its discretion in subjecting him to certain of the statutory conditions applicable to sex offenders. We disagree.
As a starting point, nothing on the face of the statute limits application of the terms and conditions set forth in Penal Law § 65.10 (4-a) to those probationers who qualify as sex offenders. Indeed, "it has been held proper to impose 'sex offender' conditions in cases which do not technically qualify as 'sex offender' cases, such as those involving endangering the welfare of a child, so long as the conditions imposed are 'reasonably related to the defendant's rehabilitation' (Penal Law § 65.10 [2] [l]), are 'reasonably necessary to insure that the defendant will lead a law-abiding life' (Penal Law § 65.10 [1]), and are 'necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant' (Penal Law § 65.10 [5])" (People v Velardi, 10 Misc 3d 47, 49 [Sup Ct, App Term, 2d Dept 2005] [citation and brackets omitted]; accord People v Lawson, 55 Misc 3d 147[A], 2017 NY Slip Op 50701[U], *2 [Sup Ct, App Term 9th & 10th Jud Dists 2017], lv denied 29 NY3d 1129 [2017]; see People v Bania, 9 Misc 3d 135[A], 2005 NY Slip Op 51682[U], *2 [Sup Ct, App Term 9th & 10th Jud Dists 2005]).
To be sure, the count of endangering the welfare of a child to which defendant pleaded guilty was not premised upon sexually-based conduct (compare People v Brown, 62 AD3d 1209, 1210 [2009]; People v Pierre, 46 Misc 3d 1215[A], 2015 NY Slip Op 50094[U], *3 [Sup Ct, Kings County 2015]). That said, defendant acknowledged that the victim — the daughter of a former girlfriend — frequently spent the night at his residence and sometimes slept in his bed, that he had seen the victim naked and that, during one overnight visit, neighbors contacted Child Protective Services because "moaning and sexual noises" could be heard emanating from defendant's apartment. Although defendant denied any sexual contact with the victim, insisted that he would "move to the couch or the floor" if the victim fell asleep in his bed while watching television with him and claimed that the noises heard by his neighbors were the result of a television show, we are satisfied — upon due consideration of all of the attendant circumstances [FN1] — that the additional conditions imposed upon defendant's probation by County Court were reasonably related to defendant's rehabilitation (see Penal Law § 65.10 [2] [l]) and were reasonably necessary to ensure that he would lead a law-abiding life (see Penal Law § 65.10 [1]) and to prevent his future incarceration (see Penal Law § 65.10 [5]; People v Wahl, 302 AD2d 976, 976 [2003], lv denied 99 NY2d 659 [2003]). As we discern no abuse of County Court's considerable discretion in this regard, the judgment of conviction is affirmed.
Garry, P.J., Clark, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The particular vulnerabilities of the victim are reflected in her statement to law enforcement, wherein she indicated that she takes "multiple prescription medications" for various mental health issues, including severe anxiety. The victim also stated that defendant purchased expensive gifts for her, such as a laptop computer, and paid for her cellular phone, the latter of which defendant "use[d] . . . to control [her]."