People v Blanco-Ortiz (2021 NY Slip Op 04447)





People v Blanco-ortiz


2021 NY Slip Op 04447


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


448 KA 18-02331

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MANUEL BLANCO-ORTIZ, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), rendered November 1, 2018. The judgment convicted defendant upon a plea of guilty of attempted sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by striking condition 35 as a condition of probation in its entirety and striking condition 34 as a condition of probation and replacing it with the following condition:
"Probationer shall not use the internet to access pornographic material, shall not access or have an internet account for a commercial social networking website as defined by Penal Law § 65.10 (4-a) (b), and shall not communicate with other individuals or groups for the purpose of promoting sexual relations with persons under the age of 18."
and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [4]). Defendant's contention that his waiver of the right to appeal is invalid is academic. Defendant's sole remaining contention on appeal is a challenge to the legality of certain conditions of his probation, and that contention survives even a valid waiver of the right to appeal (see People v Castaneda, 173 AD3d 1791, 1792 [4th Dept 2019], lv denied 34 NY3d 929 [2019], lv denied 34 NY3d 1126 [2020]; People v King, 151 AD3d 1651, 1652 [4th Dept 2017], lv denied 30 NY3d 951 [2017]).
Regarding defendant's challenge to the conditions of probation, we reject defendant's contention that condition 21 fails to serve the goals of probation as set forth in Penal Law § 65.10 (see § 65.10 [1], [2] [l]; cf. Matter of Brandon W., 28 AD3d 783, 785 [2d Dept 2006], lv denied 7 NY3d 707 [2006]; see generally People v Hakes, 32 NY3d 624, 628 [2018]). We likewise reject defendant's contention that Supreme Court erred in imposing condition 31. To the extent that defendant contends that condition 31 allows his probation officer to "veto" defendant's ability to develop relationships with persons over 18 years of age, we conclude that the condition, by its terms, does not provide the probation officer with such authority. Instead, the condition requires defendant to "inform all persons with whom [he has] a significant relationship . . . of [his] sexual offending history" and requires defendant to consent to his probation officer contacting all such persons. To the extent that defendant otherwise contends that condition 31 is not reasonably related to the goals of probation, we conclude that, in light of the facts of the offense underlying defendant's conviction, the condition is appropriate and will assist in both defendant's rehabilitation and his ability to lead a law-abiding life (see generally § 65.10 [1], [2] [l]).
We also reject defendant's contention that condition 34 should be stricken to the extent that it prohibits him from maintaining an account on a social networking site. Under the circumstances of defendant's conviction, that was a mandatory condition of his probation (see Penal Law § 65.10 [4-a] [b]; King, 151 AD3d at 1653).
We agree with defendant, however, that the court erred in imposing the remainder of condition 34 and condition 35. In addition to prohibiting defendant from maintaining an account on a social networking site, condition 34 also prohibits defendant from purchasing, possessing, controlling, or having access to any computer or device with internet capabilities and from maintaining any "internet account," including email, without permission from his probation officer. Condition 35 prohibits defendant from owning, renting, or possessing a cell phone with picture taking capabilities or cameras or video recorders for capturing images. In light of defendant's lack of a prior criminal history and the lack of evidence in the record linking defendant's use of technology to the underlying offense, we conclude that those parts of condition 34 and the entirety of condition 35 do not relate to the goals of probation and thus are not enforceable on that ground (see generally People v Mead, 133 AD3d 1257, 1258 [4th Dept 2015]). We therefore modify the judgment by striking condition 35 as a condition of probation in its entirety and striking condition 34 as a condition of probation and replacing it with the following condition: "Probationer shall not use the internet to access pornographic material, shall not access or have an internet account for a commercial social networking website as defined by Penal Law § 65.10 (4-a) (b), and shall not communicate with other individuals or groups for the purpose of promoting sexual relations with persons under the age of 18."
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court