People v Hyer (2024 NY Slip Op 01950)

People v Hyer

2024 NY Slip Op 01950

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

109182
[*1]The People of the State of New York, Respondent,
v
Kristina N. Hyer, Appellant.

Calendar Date:February 16, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Powers, JJ.

Aaron A. Louridas, Delmar, for appellant.
Shawn J. Smith, District Attorney, Delhi (Denise J. Kerrigan of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Delaware County (Gary A. Rosa, J.), rendered August 8, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2015, defendant waived indictment and pleaded guilty to two counts of criminal possession of a forged instrument in the second degree in satisfaction of a 35-count superior court information. Defendant further waived the right to appeal. A written plea agreement and drug treatment court contract contemplated that defendant would be sentenced to a five-year term of probation if she successfully completed treatment court; if she did not, she would be found in violation of probation and sentenced to a prison term of 2&frac13; to 7 years. In December 2015, County Court (Burns, J.) imposed the agreed-upon probationary term and defendant acknowledged receipt of the written conditions of probation, including condition No. 10, which required her to "comply with any recommendations given to her by her [p]robation [o]fficer, reasonably related to her rehabilitation and compliance with probation."
Defendant was subsequently charged with violating several conditions of probation and, upon her March 2016 admission to a violation, was continued on probation and remanded to jail until she could be placed in a residential treatment program. She was still in jail on May 5, 2016, when her probation officer advised her in writing that he was aware that she had been in email communication with her husband, who had used illegal substances with her "on multiple occasions" and had also been convicted of offenses connected to his role in the conduct that led to defendant's convictions. The probation officer directed defendant, pursuant to condition No. 10, to refrain from contacting her husband until there had been "serious progress" in their efforts at rehabilitation and in making restitution toward their joint victim. The contact did not cease and, on May 26, 2016, a probation violation petition was filed. Following an evidentiary hearing, County Court (Rosa, J.) determined, among other things, that the directive was appropriate and that defendant's subsequent email contact with her husband violated condition No. 10. The court revoked defendant's probation and resentenced her to 2&frac13; to 7 years in prison. Defendant appeals.
Defendant argues that County Court erred in finding that she had violated the conditions of her probation, both because condition No. 10 was itself unlawful and because her probation officer's directive not to have contact with her husband was unreasonable and violated her right to communicate with her spouse. Defendant's unchallenged appeal waiver does not preclude these challenges to the legality of condition No. 10 and the directive issued under it (see People v Romanelli, 188 AD3d 1354, 1355 [3d Dept 2020], lv denied 36 NY3d 1059 [2021]), and our review of the record confirms that they are properly preserved for our review. We accordingly turn to the merits and affirm.
Defendant first suggests that probation condition No. 10 improperly delegated authority to impose conditions on her probation to the Probation Department and that her probation officer lacked the authority to impose the no-contact condition without court approval. Although defendant is correct that conditions of probation must be set by the sentencing court, Penal Law § 65.10 contains "a catchall provision which allow[s] sentencing courts to set 'any other conditions reasonably related to [a probationer's] rehabilitation' " (People v Hakes, 32 NY3d 624, 629 [2018], quoting Penal Law § 65.10 [2] [l]). To that end, "[p]robation contemplates and even requires a level of official supervision substantial enough 'to insure that the defendant will lead a law-abiding life' or to assist the probationer toward that goal" (People v Hale, 93 NY2d 454, 461 [1999], quoting Penal Law § 65.10 [1]; see People v Donaldson, 110 AD3d 1120, 1121 [3d Dept 2013]). This broad authority permits the court to tailor the conditions to the probationer's needs (see People v Hale, 93 NY2d at 461; People v Romanelli, 188 AD3d at 1355), in recognition of the fact that "an exhaustive [statutory] list of behavioral conditions would
. . . have been impossible" (People v Letterlough, 86 NY2d 259, 263 [1995]). Further, the court may impose "any other reasonable condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (Penal Law § 65.10 [5]).
Probation condition No. 10 was within the sentencing court's "considerable latitude" (People v Romanelli, 188 AD3d at 1355) in that it merely directed that defendant comply with directives by her probation officer that were "reasonably related to her rehabilitation and compliance with probation." Importantly, defendant agreed to this condition as part of her plea bargain and treatment court contract that afforded her a probationary sentence upon the understanding that she would successfully engage in and complete treatment court, and "[c]onditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy" (People v Avery, 85 NY2d 503, 507 [1995]). We cannot, as a result, conclude upon this record that the sentencing court exceeded its authority in finding that condition No. 10 was necessary and appropriate to give defendant the best chance of success in her substance abuse treatment and to prevent a relapse that would lead to her failure to complete treatment court and her imprisonment (see People v Romanelli, 188 AD3d at 1355-1356). As such, the condition itself was "reasonably related to the goals of probation" as set forth in Penal Law § 65.10 and was properly imposed (People v Blanco-Ortiz, 196 AD3d 1153, 1154 [4th Dept 2021]).
The probation officer's directive, relying upon condition No. 10, that defendant refrain from contact with her husband [*2]was also lawful and reasonable. Defendant did not have an unqualified right to communicate with her spouse, as "probationers . . . do not enjoy the absolute liberty to which every citizen is entitled, but [instead have] conditional liberty properly dependent on observance of special probation restrictions" (Griffin v Wisconsin, 483 US 868, 874 [1987] [internal quotation marks, brackets and citation omitted]; see People v Whindleton, 54 AD3d 422, 423 [2d Dept 2008], lv denied 12 NY3d 822 [2009]). Defendant's probation officer testified at the violation hearing that defendant had been estranged from her husband at the time of her conviction and that her husband was convicted of offenses arising out of the same course of conduct that had led to defendant's conviction. The probation officer accordingly directed defendant, following consultation with parole and social services officials, as well as the treatment court coordinator, not to contact her husband because of the need to "keep people away from each other . . . when they commit offenses together" and to give both her and her husband the opportunity to "obtain some success at rehabilitation" on their own before attempting it together. Under these circumstances, defendant's husband was "a negative influence contributing to . . . defendant's criminal activity," and directing her not to contact him was "reasonably related to [her] rehabilitation" and consistent with the sentencing court's intent in imposing condition No. 10 (People v Howland, 145 AD2d 866, 867 [3d Dept 1988] [internal quotation marks and citation omitted]; see People v Swenson, 12 AD3d 948, 948 [3d Dept 2004]). County Court therefore properly determined from the foregoing — as well as the evidence reflecting that defendant was well aware that she was prohibited from contacting her husband and attempted to hide the fact that she was doing so by surreptitiously sending emails to the husband using other inmates' accounts — that the People had established by a preponderance of the evidence that defendant violated the terms of her probation (see CPL 410.70 [3]; People v Songa, 132 AD3d 1071, 1072 [3d Dept 2015]).[FN1] Defendant's remaining contentions have been reviewed and lack merit.
Clark, Lynch, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: We note that, although defendant and her husband were both involved in parental termination proceedings in Family Court, the hearing evidence reflected that the emails exchanged between them while defendant was incarcerated did not involve that issue.