People v Yeh (2025 NY Slip Op 02823)

People v Yeh

2025 NY Slip Op 02823

Decided on May 8, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 8, 2025

CR-23-0784
[*1]The People of the State of New York, Respondent,
v
Jeffrey Yeh, Appellant.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Cynthia Feathers, Saratoga Springs, for appellant.
Christopher Liberati-Conant, District Attorney, Hudson, for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Columbia County (Richard Koweek, J.), rendered February 17, 2023, convicting defendant upon his plea of guilty of the crime of endangering the welfare of an incompetent or physically disabled person in the first degree.
In 2019, defendant and his codefendant were jointly charged by indictment with forgery in the second degree, endangering the welfare of an incompetent or physically disabled person in the first degree, two counts of grand larceny in the fourth degree, eight counts of criminal possession of stolen property in the fourth degree, and one count each of computer trespass and computer tampering in the third degree. The charges stemmed from allegations that defendant stole a credit card from the elderly, legally blind victim and used the victim's cell phone and/or computer to access the victim's accounts to pay defendant's and/or the codefendant's bills. In full satisfaction of the indictment, defendant pleaded guilty to one count of endangering the welfare of an incompetent or physically disabled person in the first degree, with the understanding that he would be sentenced to five years of probation. The plea agreement also required defendant to waive his right to appeal.
When defendant appeared for sentencing, he objected to certain terms and conditions governing his probation, as relevant here, special conditions 20 and 21. Special condition 20 states that defendant will "[p]rovide the [p]robation [d]epartment with information on all computers and/or electronic devices and/or storage devices owned and/or have access to and allow probation to view and inspect any such devices. [Defendant] will not own, use or possess any portable electronic device which is capable of establishing an [I]nternet connection without the prior approval of the court." Special condition 21 provides that defendant "is prohibited from the use or access [of] any electronic bulletin board system, social network, file sharing network, electronic messaging services, or [I]nternet gaming service that allows for [I]nternet communication without the specific permission of the [c]ourt." County Court left the provisions intact; however, at the end of each condition, the court added the phrase "and/or probation department." Defendant appeals, contending that the imposition of the special conditions violates Penal Law § 65.10, as the conditions are not reasonably related to his offense and infringe upon his First Amendment rights.
Initially, we note that although defendant waived his right to appeal, such waiver does not bar a challenge to an illegal sentence (see People v Romanelli, 188 AD3d 1354, 1355 [3d Dept 2020], lv denied 36 NY3d 1059 [2021]; People v Fishel, 128 AD3d 15, 17 [3d Dept 2015]). We further note that the parties agree that special condition 21 was stricken from defendant's order and conditions of probation by County Court in July 2024, and, as such, is no longer in effect. As an adjudication regarding the propriety of this special condition does not "present[ ] a live controversy and enduring consequences potentially flow[ing] from the order appealed from" (Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [2014]; see Matter of Percinthe v Department of Corr. & Community Supervision, 227 AD3d 1347, 1348 [3d Dept 2024], lv denied 42 NY3d 908 [2024]), defendant's appeal as to special condition 21 is moot.
Turning to the merits of special condition 20, importantly, defendant agreed to the first sentence of this condition requiring him to provide the probation department with information pertaining to all computers, electronic devices and storage devices and to allow probation to view and inspect such devices. "[C]onditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy" (People v Hyer, 226 AD3d 1147, 1149 [3d Dept 2024], [internal quotation marks and citation omitted], lv denied 42 NY3d 938 [2024]). Moreover, this portion of the condition is reasonably related to defendant's compliance with the stay-away order of protection prohibiting him from contacting the victim and mitigation of his future risk of recidivism (see Matter of Karlin v Stanford, 209 AD3d 1189, 1190 [3d Dept 2022], affd 42 NY3d 1015 [2024]; People v Romanelli, 188 AD3d at 1356). Thus, this portion of the special condition is reasonably related to the goals of probation as set forth in Penal Law § 65.10 (see People v Hyer, 226 AD3d at 1149).
Likewise, the second sentence of special condition 20 — prohibiting defendant from owning, using or possessing any portable electronic device which is capable of establishing an Internet connection without the prior approval of the court and/or probation department — is also reasonably related to the goals of probation. As the record reflects, and defendant concedes, he has a fairly significant criminal history pertaining to fraud and/or theft. Contrary to defendant's assertion that this special condition was not related to the offense he was charged with, an investigator's statement contained in the presentence report references that defendant utilized his cell phone and computer to access the victim's accounts. Moreover, the presentence report contains the statement of the victim's power of attorney confirming that, at various times, defendant gained access to the victim's accounts online, obtained the victim's username and changed his passwords. In light of the fact that defendant accessed the Internet in furtherance of this offense, we find that this special condition is reasonably related to the goals of his probation, and is necessary to ameliorate the conduct giving rise to the offense (see People v Donaldson, 110 AD3d 1120, 1121 [3d Dept 2013]; People v Brown, 62 AD3d 1209, 1210 [3d Dept 2009]) and to mitigate his future risk of recidivism (see Matter of Karlin v Stanford, 209 AD3d at 1190; Matter of Boehm v Evans, 79 AD3d 1445, 1448 [3d Dept 2010], lv denied 16 NY3d 707 [2011], cert denied 565 US 1159 [2012]).
Nor are we persuaded that this special condition is overbroad or a violation of defendant's First Amendment rights. It is important to note that the special condition does not prevent defendant from having a cell phone, as long as it does not have Internet capabilities, nor does it prevent him from owning, possessing or using the Internet on a desktop computer. Contrary to defendant's assertions, limiting defendant's use of portable electronics to access the Internet to instances where he has obtained the approval of the court or probation will not prevent him from obtaining or maintaining employment [FN1] or performing his accredited media user activities. Instead, the special condition is a legitimate regulation of the use of a portable device to access the Internet during his term of probation, based upon his criminal history and risk of future recidivism (see Matter of Karlin v Stanford, 209 AD3d at 1190). As we discern no abuse of County Court's considerable discretion, we conclude that special condition 20 was properly imposed (see People v Romanelli, 188 AD3d at 1356-1357; People v Donaldson, 110 AD3d at 1121).
Aarons, Pritzker, Ceresia and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The record does not contain any specific reference to defendant experiencing any difficulties in securing employment.