People v Rhodehouse (2025 NY Slip Op 03228)

People v Rhodehouse

2025 NY Slip Op 03228

Decided on May 29, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 29, 2025

CR-23-2295
[*1]The People of the State of New York, Respondent,
v
Wendy J. Rhodehouse, Appellant.

Calendar Date:April 28, 2025

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Donnial K. Hinds, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (MacCaelin A. Sedita of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Chemung County (Richard Rich Jr., J.), rendered September 18, 2023, convicting defendant upon her plea of guilty of the crime of criminal trespass in the second degree.
In 1998, defendant pleaded guilty in Florida to solicitation to commit a lewd act and multiple counts of contributing to the delinquency of a minor and was sentenced to concurrent periods of probation subject to various terms and conditions, including that she undergo a psychosexual evaluation and complete all recommended treatment. The record reflects that defendant "successfully completed" her probation in 2000. Following her relocation to New York, defendant was classified as a risk level two sex offender in 2009 based upon her out-of-state conviction (see People v Rhodehouse, 88 AD3d 1030, 1031 [3d Dept 2011]).[FN1]
In 2023, defendant was indicted and charged with burglary in the third degree. Pursuant to a negotiated agreement, defendant, who was required to waive her right to appeal, subsequently pleaded guilty to criminal trespass in the second degree with the understanding that she would be placed on probation for a period of three years. Following the presentence investigation, the Probation Department recommended that the terms of defendant's probation include "specialized sexual offender conditions," which would require defendant to, among other things, undergo a sexual offender evaluation and complete any recommended treatment. Defendant opposed the recommendation, but County Court — citing defendant's failure to document her assertion that she was successfully discharged from probation in Florida after undergoing a psychosexual evaluation and participating in recommended treatment — imposed the recommended conditions. This appeal by defendant ensued.
Preliminarily, because the crux of defendant's argument — that the specialized sexual offender conditions imposed are unlawful because they are not "reasonably related to [her] rehabilitation or [are] outside the authority of the court to impose" (People v Romanelli, 188 AD3d 1354, 1355 [3d Dept 2020] [internal quotation marks and citation omitted], lv denied 36 NY3d 1059 [2021]) — constitutes a challenge to the legality of her sentence, such claim survives even a valid waiver of the right to appeal and, to the extent necessary, has been preserved for our review by defendant's oral and written objections thereto (see id.). Turning to the merits, "[t]he conditions of probation . . . shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so" (Penal Law § 65.10 [1]; see People v Hakes, 32 NY3d 624, 628 [2018]; People v Romanelli, 188 AD3d at 1355). In addition to the rehabilitative conditions set forth therein (see Penal Law § 65.10 [2]-[4-a]), the statute contains a catch-all provision, which permits the court to "require that the defendant comply with any other reasonable [*2]condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (Penal Law § 65.10 [5]; see People v Brazeal, 235 AD3d 890, 891-892 [2d Dept 2025]; People v Hyer, 226 AD3d 1147, 1148 [3d Dept 2024], lv denied 42 NY3d 938 [2024]; People v Romanelli, 188 AD3d at 1355). Although the discretion vested in the sentencing court in this regard is broad (see People v Hyer, 226 AD3d at 1148), it is not unfettered, and the "court[ ] must ensure that the condition [imposed] is individually tailored in relation to the offense and the defendant's particular circumstances, including his or her background, history, and proclivities" (People v Brazeal, 235 AD3d at 892 [internal quotation marks and citations omitted]; see People v Sobers, 235 AD3d 908, 910 [2d Dept 2025], lv denied 43 NY3d 947 [2025]).
Although neither burglary in the third degree (see Penal Law § 140.20), the crime for which defendant was indicted, nor criminal trespass in the second degree (see Penal Law § 140.15 [1]), the crime for which defendant was convicted, qualify as registerable offenses under Correction Law § 168-a (2), we previously have held that it may be "proper to impose sex offender conditions in cases which do not technically qualify as sex offender cases, . . . so long as the conditions imposed are reasonably related to the defendant's rehabilitation, are reasonably necessary to insure that the defendant will lead a law-abiding life, and are necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant" (People v Romanelli, 188 AD3d at 1356 [internal quotation marks and citations omitted]). That said, upon reviewing defendant's criminal history and considering the circumstances underlying the crime of conviction, we agree with defendant that the specialized sexual offender conditions imposed by County Court do not meet that standard.
Regardless of whether defendant completed sex offender treatment prior to being successfully discharged from probation in Florida in September 2000, the fact remains that — in the nearly 25 years that have elapsed since then — defendant has not been charged with any additional sex offenses; indeed, prior to the underlying trespass incident in March 2023, it appears that defendant — with the exception of an unspecified "criminal registration" offense in Florida in November 2000 — was not charged with any new crimes at all. Additionally, the criminal trespass conviction did not stem from defendant entering a school, no children were present at the time of the offense (or otherwise involved or implicated in its commission) and the underlying crime was not even tangentially related to either a sex or child welfare offense (compare People v Romanelli, 188 AD3d at 1356-1357). Under these circumstances, County Court abused its discretion in imposing the specialized sexual offender [*3]conditions upon defendant's probation.[FN2] Accordingly, the judgment of conviction must be modified to that extent.
Garry, P.J., Egan Jr., Clark and Lynch, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the specialized sexual offender conditions imposed upon defendant's probation, and, as so modified, affirmed.

Footnotes

Footnote 1: Absent a successful modification petition (see Correction Law § 168-o [1]), defendant's risk level two classification subjects her to lifetime registration and verification requirements (see Correction Law § 168-h [2]).

Footnote 2: We note that defendant remains a risk level two sex offender, subject to the conditions and requirements of that classification (see Correction Law §§ 168-f [2], [4]; 168-h [2]; 168-i; 168-q [1]).