People v Curtin (2025 NY Slip Op 04339)

People v Curtin

2025 NY Slip Op 04339

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

448 KA 24-00153

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES CURTIN, II, DEFENDANT-APPELLANT. 

NICHOLAS T. TEXIDO, BUFFALO, FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Debra L. Givens, A.J.), rendered January 10, 2024. The judgment convicted defendant, upon his plea of guilty, of possessing a sexual performance by a child. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of possessing a sexual performance by a child (Penal Law § 263.16), defendant contends that certain conditions of his probation were unlawfully imposed and must be stricken.
We note at the outset that defendant does not challenge the validity of his waiver of the right to appeal. Even assuming, arguendo, that defendant's contention that Supreme Court improperly delegated its authority or failed to exercise discretion in imposing conditions of probation survives a valid waiver of the right to appeal, we conclude that his contention is unpreserved for our review inasmuch as he failed to raise that contention at the plea or sentencing proceedings (see People v Cesar, 131 AD3d 223, 227 [2d Dept 2015]). Defendant's alternative contention that the challenged
" 'probation condition[s] [are] unlawful because [they are] not reasonably related to rehabilitation or [are] outside the authority of the court to impose' " (People v King, 151 AD3d 1651, 1652 [4th Dept 2017], lv denied 30 NY3d 951 [2017]) implicates the legality of defendant's sentence and thus survives even a valid waiver of the right to appeal (see People v Blanco-Ortiz, 196 AD3d 1153, 1154 [4th Dept 2021]; People v Castaneda, 173 AD3d 1791, 1792 [4th Dept 2019], lv denied 34 NY3d 929 [2019], lv denied 34 NY3d 1126 [2020]).
We reject defendant's contention that the court erred in imposing conditions that bar defendant from possessing a computer or accessing the internet subject to certain exceptions and from possessing a cell phone with the ability to take or store photographs or videos. In light of the facts of the offense underlying defendant's conviction and defendant's ability to obtain certain exceptions for employment or educational purposes, we conclude that such conditions are "appropriate and will assist in both defendant's rehabilitation and his ability to lead a law-abiding life" (Blanco-Ortiz, 196 AD3d at 1154-1155).
We agree with defendant, however, that the court erred in imposing condition 24—which, as relevant here, barred defendant from having any contact with his daughter—without setting forth the basis on the record for imposing such a condition. Instead, the court concluded that there was "no way to know initially whether . . . defendant poses an actual threat to his own family member child." Inasmuch as condition 24 implicates defendant's "constitutionally protected liberty interest in his relationship with his child" (United States v Myers, 426 F3d 117, 125 [2d Cir 2005] [Sotomayor, J.]), we hold the case, reserve decision, and remit the matter to Supreme Court to conduct a hearing to determine whether condition 24 is appropriate under the facts and circumstances presented here (see generally People v Gould, 242 AD2d 583, 585 [2d [*2]Dept 1997]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court