People v Watts (2021 NY Slip Op 01790)





People v Watts


2021 NY Slip Op 01790


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-13190
 (Ind. No. 1127/18)

[*1]The People of the State of New York, respondent,
v
Charles Watts, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Benjamin Kussman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J., at plea; Howard E. Sturim, J., at sentence), rendered October 21, 2019, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged in an indictment with five counts of criminal sale of a controlled substance in the third degree, five counts of criminal possession of a controlled substance in the third degree, five counts of criminal sale of a controlled substance in the fifth degree, five counts of criminal possession of a controlled substance in the fifth degree, and five counts of criminal possession of a controlled substance in the seventh degree, related to alleged drug sales that occurred on five separate dates. The defendant pleaded guilty to one count of criminal sale of a controlled substance in the fifth degree in satisfaction of all the charges in the indictment.
The defendant's contention that his plea was coerced is unpreserved for appellate review because he did not move to vacate his plea or otherwise raise the issue before the Supreme Court (see People v Clarke, 93 NY2d 904, 906). In any event, the contention is without merit (see People v Monroe, 174 AD3d 649, 650; People v Walton, 168 AD3d 1001, 1001; People v Bush, 132 AD3d 691, 691-692; People v Bravo, 72 AD3d 697, 698).
The defendant's valid waiver of his right to appeal (see People v Bisono, ___ NY3d ___, 2020 NY Slip Op 07484; People v Thomas, 34 NY3d 545) precludes appellate review of his challenge to the adverse pretrial suppression ruling pertaining to a photo array identification procedure (see People v Kemp, 94 NY2d 831, 833; People v Smith, 178 AD3d 965, 966).
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court