People v Lamery (2021 NY Slip Op 02413)





People v Lamery


2021 NY Slip Op 02413


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-06074
2017-06075

[*1]The People of the State of New York, respondent,
v
Emmanuel Lamery, appellant. (S.C.I. Nos. 15-01180, 16-01045)


Arza Feldman, Manhasset, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Westchester County (Larry J. Schwartz, J.), both rendered May 9, 2017, convicting him of criminal possession of a controlled substance in the fifth degree under Superior Court Information No. 15-01180, and criminal possession of a controlled substance in the fifth degree under Superior Court Information No. 16-01045, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant was charged by separate superior court informations with criminal possession of a controlled substance (crack cocaine), based upon two separate incidents occurring on August 13, 2015, and August 1, 2016, respectively. The defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree with respect to each superior court information, in exchange for a promised sentence for both crimes of two concurrent terms of imprisonment of one year plus two concurrent terms of one year postrelease supervision. The plea agreement was read into the record at the commencement of the plea proceeding. Then the defendant waived his right to be prosecuted by indictment, and stated that he agreed to the plea agreement.
The defendant was advised that if he was not a citizen of the United States, his pleas of guilty "may" result in his deportation (see People v Peque, 22 NY3d 168). The defendant then waived his Boykin rights (see Boykin v Alabama, 395 US 238), including his right to remain silent, his right to a jury or nonjury trial, and his right to cross-examine witnesses and call his own witnesses. In conclusion, the defendant admitted his guilt to the crimes to which he pleaded guilty, and the pleas were accepted.
The defendant, citing People v Leach (26 NY3d 1154), contends that his pleas of guilty were invalid because he waived his Boykin rights and was only given the warning required under People v Peque (22 NY3d at 176), after he admitted his guilt. The defendant failed to preserve this issue for appellate review, as he was required to do (see People v Williams, 27 NY3d 212; People v Leach, 26 NY3d at 1154). In any event, the Peque warning was issued, and the defendant's [*2]waiver of his Boykin rights occurred, before the pleas were accepted, and before the defendant admitted to the facts of the crimes. Further, where, as here, the record indicates that the defendant discussed the pleas with his attorney, prior to agreeing to their terms, the absence of formal recitation of Boykin rights on the record is not a fatal defect (see People v Conceicao, 26 NY3d 375). In any case, there was a recitation of Boykin rights and the defendant's waiver of those rights on the record.
Accordingly, the judgments of conviction are affirmed.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court