People v Bolden (2021 NY Slip Op 02672)





People v Bolden


2021 NY Slip Op 02672


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


449 KA 19-00207

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TONDRE BOLDEN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered December 19, 2018. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]), defendant contends that the permanent order of protection should be vacated or amended because its expiration date fails to account for his jail-time credit. Even assuming, arguendo, that defendant did not validly waive his right to appeal, we note that his challenge to the expiration date of the protective order is unpreserved for appellate review (see People v Nieves, 2 NY3d 310, 315-317 [2004]).
In any event, there is no merit to defendant's assertion that the expiration date of the subject protective order should have been set with reference to jail-time credit. The expiration date of a protective order issued upon a felony conviction "shall not exceed the greater of: (i) eight years from the date of . . . sentencing . . . , or (ii) eight years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate sentence of imprisonment actually imposed" (CPL 530.13 [4] [A]). Here, because defendant did not receive either a determinate or an indeterminate sentence of imprisonment, the expiration date of the subject protective order was necessarily set under CPL 530.13 (4) (A) (i), not CPL 530.13 (4) (A) (ii). Thus, "since the duration of the order was not based on the expiration date of defendant's sentence [under CPL 530.13 (4) (A) (ii)], jail time credit was irrelevant" (People v Bryant, 132 AD3d 502, 502 [1st Dept 2015], lv denied 26 NY3d 1086 [2015]; see generally Nieves, 2 NY3d at 313).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court