People v Deleon (2022 NY Slip Op 02429)

People v Deleon

2022 NY Slip Op 02429

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-00622
 (Ind. No. 901/18)

[*1]The People of the State of New York, respondent,
v
Sean Deleon, appellant.

Arza Feldman, Manhasset, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered November 22, 2019, convicting him criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was coerced by the Supreme Court because it was conditioned upon the court's insistence that he waive his right to appeal. Since this issue would survive a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10), we do not consider the validity of the defendant's appeal waiver (see People v Murphy, 191 AD3d 1019, 1020; People v Dunkley, 177 AD3d 767, 767-768).
However, the defendant failed to preserve for appellate review the issue of whether his plea of guilty was coerced because he did not move to withdraw his plea or otherwise raise this issue before the Supreme Court (see CPL 470.05[2]; People v Morales, 202 AD3d 997; People v Headley, 197 AD3d 1329; People v Watts, 192 AD3d 1048). In any event, the defendant's contention is without merit. The record of the plea proceeding reveals that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (see People v Brown, 14 NY3d 113; People v Morales, 202 AD3d 997; People v Campbell, 197 AD3d 482, 483).
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court