People v Moore (2022 NY Slip Op 04742)

People v Moore

2022 NY Slip Op 04742

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-10282
 (Ind. No. 648/18)

[*1]The People of the State of New York, respondent,
v
Augustus Moore, appellant.

Lisa H. Blitman, New York, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered July 16, 2019, convicting him of robbery in the first degree, burglary in the first degree, and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with robbery in the first degree, burglary in the first degree, and criminal possession of a weapon in the third degree in connection with an incident that occurred on January 18, 2018. In an omnibus motion, the defendant moved, inter alia, to suppress photo array identification evidence. After a hearing, the County Court denied that branch of the defendant's omnibus motion. Subsequently, the defendant was convicted, upon his plea of guilty, of robbery in the first degree, burglary in the first degree, and criminal possession of a weapon in the third degree. At the plea proceeding, the defendant waived his right to appeal.
The defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 254; People v Seaberg, 74 NY2d 1, 11; People v Rosario, 204 AD3d 703). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the adverse suppression ruling pertaining to the photo array identification procedure (see People v Kemp, 94 NY2d 831, 833; People v Watts, 192 AD3d 1048; People v Smith, 178 AD3d 965, 966).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court