People v Gayle (2023 NY Slip Op 04600)

People v Gayle

2023 NY Slip Op 04600

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2019-11933
 (Ind. No. 952/19)

[*1]The People of the State of New York, respondent,
v
Roberto A. Gayle, appellant.

Arza Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar O'Rourke, Glenn Green, and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, J.), rendered September 26, 2019, convicting him of strangulation in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, intelligently, and voluntarily waived his right to appeal (see People v Sanders, 25 NY3d 337).
The defendant's waiver of his right to appeal does not foreclose appellate review of his contention that the County Court should have held a hearing to determine whether he violated a condition of his plea agreement (see People v Wynne, 206 AD3d 1013, 1013; People v Knee, 174 AD3d 646, 646). However, the defendant failed to preserve this issue for appellate review, since he did not request a hearing or move to withdraw his plea of guilty (see People v Goode-Ford, 205 AD3d 1051, 1051; People v Shealy, 195 AD3d 1047, 1048). In any event, since the defendant did not deny that he committed the crimes for which he was arrested or otherwise challenge the validity of the arrests, the court was not obligated to conduct a hearing (see People v Billups, 63 AD3d 750, 750; People v Huggins, 45 AD3d 1380, 1380).
The defendant's waiver of his right to appeal does not foreclose appellate review of his contention that an order of protection issued at the time of sentencing failed to account for his jail-time credit (see People v Clark, 155 AD3d 1184, 1185; People v DeFazio, 105 AD3d 1438, 1439). However, the contention is unpreserved for appellate review due to the defendant's failure to raise it at sentencing (see People v Bolden, 193 AD3d 1369, 1369; People v Gardner, 129 AD3d 1386, 1387). In any event, since the County Court set the order of protection to expire eight years from the date of sentencing, jail-time credit was irrelevant (see CPL 530.13[4][A]; People v Bolden, 193 AD3d at 1369-1370; People v Kapasakis, 179 AD3d 435, 435-436; People v Bryant, 132 AD3d 502, 502). Contrary to the defendant's contention, the duration of the order of protection was disclosed to the defendant during sentencing. In any event, the court was not required to make an oral pronouncement at sentencing of the duration of the order (see People v Bryant, 132 AD3d at 502).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives the appeal waiver (see People v Steinard, 210 AD3d 1202, 1202). However, the contention is unpreserved for appellate review because the defendant failed to file a post-allocution motion to withdraw his plea despite having an opportunity to do so before sentencing (see People v Williams, 27 NY3d 212, 214; People v Lamery, 193 AD3d 977, 978). Moreover, the defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, that negated an essential element of the charged crime, or that otherwise called into question the voluntariness of his plea and, therefore, the narrow exception to the preservation requirement does not apply (see People v Williams, 27 NY3d at 214; People v Morris, 200 AD3d 995, 996). In any event, the defendant's contention is without merit (see People v Lamery, 193 AD3d 977).
The defendant's contention that the County Court was required to inform him of the possibility of GPS monitoring as a consequence of his conviction survives a valid waiver of the right to appeal (see People v Blanco-Ortiz, 196 AD3d 1153, 1154; People v Romanelli, 188 AD3d 1354, 1355). However, the contention is unpreserved for appellate review because at sentencing the defendant failed to protest or seek to withdraw his plea of guilty (see People v Bush, 38 NY3d 66, 68). In any event, the defendant's contention is without merit since conditions of probation need not be mentioned during the plea allocution (see People v Belliard, 20 NY3d 381, 386; People v Maggio, 210 AD3d 798; People v Bermudez, 171 AD3d 777, 778).
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court