People v Adams (2023 NY Slip Op 05509)

People v Adams

2023 NY Slip Op 05509

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-01046 
2020-01047
2020-01048

[*1]The People of the State of New York, respondent, 
v
Evan DeYoung Adams, appellant. (Ind. Nos. 407/19, 791/19; S.C.I. No. 811/19)

Steven A. Feldman, Manhasset, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Jill Oziemblewski and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from three judgments of the Supreme Court, Westchester County (Barry E. Warhit, J.), each rendered November 21, 2019, convicting him, upon his pleas of guilty, of attempted criminal possession of a weapon in the second degree under Indictment No. 407/19, criminal possession of a weapon in the second degree under Indictment No. 791/19, and attempted criminal possession of a weapon in the second degree under Superior Court Information No. 811/19, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant contends that his pleas of guilty were invalid because of the Supreme Court's involvement in eliciting the defendant's purported waivers of his right to appeal and its failure to advise him of his Boykin rights (see Boykin v Alabama, 395 US 238) until after he admitted his guilt. These contentions are unpreserved for appellate review because the defendant did not move to vacate his pleas or otherwise raise these issues before the court (see People v Clarke, 93 NY2d 904, 905; People v Ormsby, 207 AD3d 573, 573; People v Deleon, 204 AD3d 830; People v Morales, 202 AD3d 997). In any event, the contentions are without merit. The court's involvement in eliciting from the defendant purported waivers of his right to appeal did not affect the knowing, voluntary, and intelligent nature of his pleas of guilty (see People v Smith, 210 AD3d 807, 807; People v Ormsby, 207 AD3d at 573). Further, the defendant's waiver of his Boykin rights occurred before the pleas were accepted and before the defendant admitted to the facts of the crimes (see People v Gayle, ___ AD3d ___, 2023 NY Slip Op 04600 [2d Dept]; People v Lamery, 193 AD3d 977, 978).
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court