People v Maples (2025 NY Slip Op 00880)

People v Maples

2025 NY Slip Op 00880

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-05510 
2021-05511
 (Ind. No. 5194/19; S.C.I. No. 2221/20)

[*1]The People of the State of New York, respondent,
v
Clarence Maples, appellant.

Patricia Pazner, New York, NY (Mark W. Vorkink of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (William Harrington, J., at pleas; Dineen A. Riviezzo, J., at sentences), both rendered July 20, 2021, convicting him of robbery in the third degree (two counts) under Indictment No. 5194/19, and robbery in the third degree under Superior Court Information No. 2221/20, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that his pleas of guilty were not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his pleas or otherwise raise the issue before the Supreme Court (see People v Gaston, 219 AD3d 626, 627). In any event, the record demonstrates that the defendant's pleas of guilty were knowingly, voluntarily, and intelligently entered. "[T]he court generally has no obligation to apprise the defendant of the collateral consequences of the plea," including loss of the right to vote (People v Peque, 22 NY3d 168, 184). In addition, "the chronology in which the court conducted the plea allocution does not render [the defendant's] plea invalid" (People v Pray, 183 AD3d 842, 842; see People v Martinez, 159 AD3d 836, 836-837). Further, "the defendant's waiver of his Boykin rights occurred before the pleas were accepted" (People v Adams, 221 AD3d 610, 611; see People v Lamery, 193 AD3d 977, 978).
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court